# EXHIBIT A

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Donald Samaroo, | Index No.: 500723/2025 |
| Plaintiff, | |
| -against- | **SUMMONS** |
| Barclays Bank PLC a/k/a Barclays Bank Delaware; The Gap Inc.; Experian Information Solutions, Inc.; Trans Union LLC a/k/a Transunion, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Kings County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM
NYSCEF DOC. NO. 1

INDEX NO. 500723/2025
RECEIVED NYSCEF: 01/08/2025

Dated: Brooklyn, New York
      January 8, 2025

                     **PETROFF AMSHEN LLP**
                     *Attorneys for Plaintiff,*
                     Donald Samaroo

                     */s/ Serge F. Petroff*
                     Serge F. Petroff, Esq.
                     1795 Coney Island Avenue, Third Floor
                     Brooklyn, New York 11230
                     Telephone: (718) 336-4200
                     Email: spetroff@petroffamshen.com

To:    Barclays Bank PLC a/k/a Barclays Bank Delaware
        c/o CT Corporation System
        28 Liberty Street
        New York, New York 10005

        THE GAP, INC.
        c/o CT Corporation System
        28 Liberty Street
        New York, New York 10005

        Experian Information Solutions, Inc.
        c/o CT Corporation System
        28 Liberty Street
        New York, New York 10005

        Trans Union LLC a/k/a Transunion
        c/o The Prentice-Hall Corporation System Inc.
        80 State Street
        Albany, New York 12207-2543

**FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM**                    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 01/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

Donald Samaroo,

                       Plaintiff,

         -against-

Barclays Bank PLC a/k/a Barclays Bank Delaware;
The Gap, Inc.; Experian Information Solutions, Inc.;
Trans Union LLC a/k/a Transunion,

                       Defendants.

---

Index No.: 500723/2025

**COMPLAINT**

---

Plaintiff Donald Samaroo (the "Plaintiff"), by and through his attorneys, Petroff Amshen

LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby

alleges the following upon personal knowledge, review of public record, and/or otherwise upon

information and belief:

     1.     Plaintiff brings this action for damages arising under the Fair Credit Reporting Act

("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022),

and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act

(the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations

of consumer credit protection laws, including failure to investigate and correct inaccurate credit

reporting duly disputed by Plaintiff.

     2.     Finding that "[t]he banking system is dependent upon fair and accurate credit

reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system,"

Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable

procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair

and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

utilization of such information [...]" 15 U.S.C. § 1681.

3.    Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.    Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.    Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

### PARTIES AND VENUE

6.    Plaintiff is an individual and resident of the State of New York, County of Kings, residing at 252 Franklin Street, Brooklyn, New York 11222.

7.    Defendant Barclays Bank PLC a/k/a Barclays Bank Delaware ("Barclays") is a state-chartered bank organized under the laws of the State of Delaware, with its principal place of business at 125 South West Street, Wilmington, Delaware 19801, and New York headquarters at 200 Park Avenue, 4th Floor, New York, New York 10166.

8.    Defendant The Gap, Inc. ("Gap Inc.") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2 Folsom Street, San Francisco, California 9405, and registered agent for service in New York c/o CT Corporation System, 28

Liberty Street, New York, New York 10005.[1]

9.    Defendant Experian Information Solutions, Inc ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings Inc. Experian is one of the three national credit reporting agencies ("CRA") recognized by the Federal Trade Commission ("FTC").

10.    Defendant Trans Union LLC a/k/a Transunion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, and registered agent for service in New York c/o The Prentice-Hall Corporation System, 80 State Street, Albany New York 12207-2543. The company is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the FTC.[2]

11.    Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

12.    Barclays is the issuer of Plaintiff's BRCLYGAP credit card (the "BRCLYGAP") account number: 00039515337****. Gap is the owner and parent company of multiple apparel brands, including Old Navy, Banana Republic and Athleta. Gap Inc. and its apparel brands aggressively market and promote company-branded credit card programs to consumers. Upon information and belief, in credit reports supplied to Plaintiff by the Defendant CRAs, the Gap Inc. credit card is referred to as "BRCLYGAP".

---

[1] Barclays and Gap Inc. shall be referred to collectively herein as the "Furnisher Defendants".
[2] TransUnion and Experian shall be referred to collectively herein as the "Defendant CRAs".

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/08/2025

13.    Both Barclays and Gap Inc. are parties to the BRCLYGAP agreement. Upon information and belief, Barclays and Gap Inc. record and maintain information regarding Plaintiff and his BRCLYGAP account, and furnish this information to the Defendant CRAs.

14.    Plaintiff is an individual consumer who discovered multiple inaccuracies related to two accounts associated with Barclays.

(a) Compromised Accounts:

- Account 1: BRCLYGAP

  - Account Number: 00039515337****

  - Payment History: Plaintiff disputes the accuracy of the payment history, specifically the reported late payment remarks.

- Account 2: BRCLYSBANKDE[3]

  - Account Number: 0001879****

  - Date of Payment in Full: May 15, 2020

15.    Plaintiff discovered inaccurate late payment remarks for the BRCLYGAP account. He does not recall being late for the reported dates and disputes the accuracy of these late payment remarks. Plaintiff requested validation documents from the Defendant CRAs to verify the dates of these reported late payments. If verification is not possible, Plaintiff requested that these remarks be immediately removed from his credit report.

16.    Also checking his credit report, he noticed the BRCLYSBANKDE account showing a 60-day late payment remark on his credit report for June 2020, even though this account was settled, paid in full, and closed on May 15, 2020.

17.    Additionally, Plaintiff found that the credit report showed another 60-day late

---

[3] Plaintiff's BRCLYGAP and BRCLYSBANKDE shall be referred to collectively herein as the "Compromised Accounts".

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM                    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 01/08/2025

payment remark for May 2020, despite the fact that the account was paid off and closed on May 15, 2020. It is unreasonable for a 60-day late payment to be reported for May when the debt was settled and closed prior to the end of the month.

18.     In October 2024, Plaintiff sent a Notice of Dispute to the Defendant CRAs disputing the Compromised Accounts. A true copy of Plaintiff's Notice of Dispute is annexed as **Exhibit A**. Despite the disputes, the Defendant CRAs did not resolve the discrepancies or removed the incorrect entries, leaving Plaintiff's credit report inaccurate.

19.     Plaintiff, worried about the situation, contacted Barclays regarding the BRCLYSBANKDE account and was informed that the account was settled and closed in May 2020.

20.     Due to the inaccurate reporting, Plaintiff's credit score has been adversely affected. This has prevented Plaintiff from securing favorable financial products, including loans and credit, and has resulted in higher interest rates on credit applications.

21.     Plaintiff has suffered significantly trying to obtain new financial products to improve his quality of life, but his efforts have been affected by the negative impact on his credit score. The ongoing inaccuracies in Plaintiff's credit report have caused significant emotional distress. Plaintiff has experienced frustration, anxiety, and stress from the financial strain caused by the inaccuracies, compounding his existing financial challenges.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

22.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

23.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

24.     The Furnisher Defendants are each a "furnisher" of information to consumer

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM

NYSCEF DOC. NO. 1

INDEX NO. 500723/2025

RECEIVED NYSCEF: 01/08/2025

reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

25.     The Furnisher Defendants are also each a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

26.     Subpart of E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information including Furnisher Defendants. *See* 12 C.F.R. §§ 1022.1, 1022.40.

27.     The Defendant CRAs are each a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

28.     The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

**COUNT I**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
***AS TO THE FURNISHER DEFENDANTS***

29.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

30.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

40.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 01/08/2025

41.    Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

42.    Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

43.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

44.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

31.    The Furnisher Defendants reported inaccurate account information regarding Plaintiff's Compromised Accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

32.    The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payment remarks;

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

and despite the account being closed, it still reflects outstanding debt or balances.

33. Upon information and belief, the Furnisher Defendants each received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

34. The Furnisher Defendants failed to review the information provided by Plaintiff for any additional information.

35. The Furnisher Defendants' deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Compromised Accounts has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

36. As a result of the Furnisher Defendants' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*AS TO FURNISHER DEFENDANTS*

37. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38. After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, the Furnisher Defendants thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Compromised Accounts, in violation of 15 U.S.C. § 1681s-2.

39.     The Furnisher Defendants "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

40.     The Furnisher Defendants furnished inaccurate information regarding both of the Plaintiff's Compromised Accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. The Furnisher Defendants know, or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

41.     As a compiler and furnisher of consumer information concerning Plaintiff's Compromised Accounts, the Furnisher Defendants had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

42.     Upon information and belief, the Furnisher Defendants have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

43.     Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

44.     The Furnisher Defendants' negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Compromised Accounts has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/08/2025

45.    As a result of the Furnisher Defendants' negligent conduct in violation of the

FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o,

including: (i) actual damages, including but not limited to damages pertaining to securing attorney

and other professional representation, and incurring attorneys' fees and costs, to assist with credit

recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs

incurred in connection with this action.

### COUNT III
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report
(15 U.S.C. §§ 1681e(b), 1681n)
*AS TO THE DEFENDANT CRAS***

46.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully

set forth herein.

47.    "Whenever a consumer reporting agency prepares a consumer report it shall follow

reasonable procedures to assure maximum possible accuracy of the information concerning the

individual about whom the report relates" 15 U.S.C. § 1681e(b).

48.    The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that

Plaintiff's credit report contained inaccurate information.

49.    Despite receipt of the foregoing, the Defendant CRAs deliberately failed and

refused to undertake a reasonable investigation to ensure the accuracy of reported information

concerning Plaintiff's Compromised Accounts.

50.    Although the information Plaintiff provided was sufficient to verify that the

disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and

refused to properly review it, and further failed and refused to contact Plaintiff or the Furnisher

Defendants for any additional information that would assist in a reasonable investigation.

51.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

52.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

53.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

**COUNT IV**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
***AS TO THE DEFENDANT CRAS***

54.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

55.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

56.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM   INDEX NO. 500723/2025
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 01/08/2025

57.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

**COUNT V**
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
***AS TO THE DEFENDANT CRAS***

58.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

59.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

60.     This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

61.     The Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

62.     "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

63.     Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

64.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM
NYSCEF DOC. NO. 1

INDEX NO. 500723/2025
RECEIVED NYSCEF: 01/08/2025

failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

65.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

66.    Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

67.    The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

68.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

69.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

**COUNT VI**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO THE DEFENDANT CRAs*

70.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

71.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

72.    The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

73.    The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

74.    The Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

75.    This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

76.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

77.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

78.    Section 374 through 382-b of Article 25 of the New York General Business Law

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM          INDEX NO. 500723/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/08/2025

codify New York's Fair Credit Reporting Act.

79.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

80.    The Furnisher Defendants are each a "person" within the meaning of the NYFCRA.

*See* GBL § 380-a(a).

81.    The Defendant CRAs are each a "consumer reporting agency" within the meaning

of the NYFCRA. *See* GBL § 380-a(e).

**COUNT VII**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
*AS TO THE FURNISHER DEFENDANTS*

82.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully

set forth herein.

83.    The NYFCRA prohibits the knowing and willful introduction or attempt to

introduce false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons

who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

84.    As a result of the Furnisher Defendants' knowing and willful introduction of false

information regarding Plaintiff's Compromised Accounts into the files of the consumer credit

bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit

rating, higher interest rates and unfavorable terms on any available credit options, payment of

attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit

defense, and other actual damages.

85.    As a result of the Furnisher Defendants' foregoing conduct in violation of the

NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l,

including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii)

actual damages, including but not limited to damages pertaining to securing attorney and other

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/08/2025

professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**COUNT VIII**
**Failure to Investigate and Resolve Consumer Dispute**
**(N.Y. Gen. Bus. Law §§ 380-f, 380-m)**
*AS TO THE DEFENDANT CRAS*

86.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

87.     Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

88.     If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

89.     Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

90.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any

additional requirements of GBL § 380-f.

91.    The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

92.    Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

93.    As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

94.    Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

95.    The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
           January 8, 2025

PETROFF AMSHEN LLP
*Attorneys for Plaintiff,*
Donald Samaroo

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025
NYSCEF DOC. NO. 2                                RECEIVED NYSCEF: 01/08/2025

# EXHIBIT A

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM   INDEX NO. 500723/2025
NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 01/08/2025

**Certified Mail Tracking Information**

**Name: Donald Samaroo**
**Date sent: 10/28/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486185314

**EX:**  https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486185369

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765486185383

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM

NYSCEF DOC. NO. 2

INDEX NO. 500723/2025

RECEIVED NYSCEF: 01/08/2025

## Notice of Dispute

**Donald Samaroo**
252 Franklin St
Brooklyn, New York 11222
Date of Birth: 03/04/▮▮
SS#: 1254

Experian
P.O. Box 4500
Allen, TX 75013

10/28/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   BRCLYGAP
   Account Number: 00039515337****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

2. Payment history is inaccurate
   BRCLYSBANKDE
   Account Number: 00018797861****
   I believe the payment history is reporting inaccurately because I paid and satisfied this debt on May 15, 2020, so I no longer owe a balance. The payment history should have ceased reporting as of May 2020, but there is a 60-day late remark dated June 2020. This extra late remark is inaccurate and creates the impression that I was late for longer than I actually was. This inaccuracy has damaged my credit, and I need validation documents sent to me to verify the date of the last payment. If validation is not possible, please either remove this account from my credit report or update the payment history to cease reporting as of May 2020 immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.
Sincerely,
Donald Samaroo

FILED: KINGS COUNTY CLERK 01/08/2025 05:41 PM    INDEX NO. 500723/2025

NYSCEF DOC. NO. 2                                               RECEIVED NYSCEF: 01/08/2025

### Notice of Dispute

**Donald Samaroo**
252 Franklin St
Brooklyn, New York 11222
Date of Birth: 03/04/█████
SS#: 1254

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

10/28/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Payment history is inaccurate
   BRCLYGAP
   Account Number: 00039515337****
   I believe the payment history is reporting inaccurately. I don't recall being late for every single one of these late remarks. Please confirm and verify these late payment dates by sending me validation documents. If you are unable to verify these late remarks, please delete them from my credit report immediately.

2. Payment history is inaccurate
   BRCLYSBANKDE
   Account Number: 00018797861****
   I believe the payment history is reporting inaccurately because I paid and satisfied this debt on May 15, 2020, so I no longer owe a balance. The payment history should have ceased reporting as of May 2020, but there is a 60-day late remark dated June 2020. This extra late remark is inaccurate and creates the impression that I was late for longer than I actually was. This inaccuracy has damaged my credit, and I need validation documents sent to me to verify the date of the last payment. If validation is not possible, please either remove this account from my credit report or update the payment history to cease reporting as of May 2020 immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.
Sincerely,
Donald Samaroo

Form 27 - AFFIDAVIT OF SERVICE

P23223942

**PETROFF AMSHEN, LLP**   Carl Vetrogon
SUPREME COURT KINGS COUNTY STATE OF NEW YORK

DONALD SAMAROO

                                                   PLAINTIFF

                              - vs -

BARCLAYS BANK PLC A/K/A BARCLAYS BANK DELAWARE, ETAL

                                                   DEFENDANT

Index No. **500723/2025**
Date Filed
Office No.
Court Date.

STATE OF **NEW YORK**, COUNTY OF **NEW YORK**     :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **13TH** day of **JANUARY, 2025 2:21PM** at
**C/O C T CORPORATION SYSTEM
28 LIBERTY STREET
NEW YORK NY 10005**
I served a true copy of the **EXHIBIT(S), SUMMONS AND COMPLAINT** upon **BARCLAYS BANK PLC A/K/A BARCLAYS BANK DELAWARE** the **DEFENDANT** therein named by delivering to, and leaving personally with **Vincenza Cipriano, INTAKE SPECIALIST**, who provided verbal confirmation that he or she is authorized to accept by appointment or law to receive service on behalf of the **DEFENDANT**.


Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **FEMALE**   COLOR: **WHITE**     HAIR: **BLACK**
APP.AGE: **50-60** APP. HT: **4ft10in** APP. WT: **105**
OTHER IDENTIFYING FEATURES
**Glasses**


Sworn to before me this
14TH day of JANUARY, 2025


SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

DONDRE DENNIS 2120222-DCWP
Lexitas - DCWP #2098109 #2098109-DCA
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-PLFPC-23223942

1 of 1